UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 1:23-cr-00055-TWP-MJD ) |
| BILLIE DAVIS, | ) ) |
| Defendant. | ) ) |

**ORDER DETERMINING COMPETENCY**

This matter is before the Court on Defendant Billie Davis ("Davis") Motion to Determine Mental Competency of Defendant pursuant to 18 U.S.C. §§ 4241 and 4247 (Filing No. 30). Based upon the evidence submitted, the parties' stipulation and argument of counsel, the Court makes the following findings of fact and conclusions of law and determines that Davis is competent to proceed in this matter.

### I.  BACKGROUND AND FINDINGS OF FACT

**A.  Procedural Background**

On April 20, 2023, Davis was charged by way of Indictment with Count One: Hate Crime Act in violation of 18 U.S.C. § 249(a)(1). (Filing No. 1.) On September 27, 2023, Davis' counsel filed a Motion to Determine Mental Competency of Defendant, asserting Davis was evaluated by forensic psychiatrist Dr. Shawn Agharkar who "believes that Ms. Davis incompetent to stand trial" and is "in need of psychiatric intervention and stabilization." (Filing No. 30 at 2.) Based on her own observations, counsel also believed Davis did not have "sufficient present ability to engage in consultation with a reasonable degree of rational, as well as factual, understanding of the proceedings against her." *Id*. The Court granted the motion and Davis was designated to the

Federal Detention Center in Houston, Texas, ("FDC Houston") where she was evaluated from October 17 through November 29, 2023. In accordance with the Court's order, Forensic Psychologist Lesli Johnson, PhD ("Dr. Johnson") conducted the forensic evaluation and her report dated December 18, 2023, is docketed under seal ([Filing No. 37](#)).

A competency hearing was held on January 31, 2024. The Government appeared by Assistant United States Attorney Peter Blackett and Department of Justice counsel Anita T. Channapati.  Davis appeared in person, in custody, and by counsel Leslie Wine, Indiana Federal Community Defenders.  The Court accepted into evidence Dr. Johnson's Forensic Report (Filling No. 37), and Government Exhibits 1 and 2 were admitted without objection.  Dr. Johnson appeared via video and testified.

**B.**      **Findings of Fact**

Neither party challenged Dr. Johnson's qualifications and both counsels accepted her opinions.  Accordingly, the Court finds that Dr. Johnson qualified as an expert.

Medical and mental health records, court orders and other documents show that Davis has a long history of mental health disorders.  In 2002, she was found not competent to stand trial and committed to Logansport State Hospital for restoration.  In 2015, Davis was admitted for inpatient psychiatric treatment.  Her admission diagnosis was listed as bipolar disorder, most recent episode depressed severe, specified with psychotic behavior." *Id*. at 7. In 2018, after calling a suicide hotline she was diagnosed with bipolar disorder and related dangerousness and met criteria for an Emergency Detention.  *Id*. at 8.  Davis was psychiatrically hospitalized for seven days beginning on December 30, 2022.  *Id*.

Davis arrived at FDC Houston in October 2023 and was evaluated from October 17 through November 29, 2023. The procedures utilized in the evaluation of Davis included clinical interviews, observations of her behavior at the facility, a review of legal documents and administration of the Minnesota Multiphasic Personality Inventory and the Revised Competency Assessment Instrument. ([Filing No. 30 at 2](#).) Upon arrival to FDC Houston, Davis was placed in general population without incident. However, during her forensic examination intake on October 19, 2023, she was "emotionally liable" she raised her voice and cried intermittently. *Id*. at 9.

Throughout the evaluation process, Davis responded well to positive encouragement, supportive statements, and medication. She elected to receive a six-week injection of Abilify rather than take the medication orally. Once medicated, Davis was mostly able to function well on a general population unit, followed directions and maintained daily structured routines without assistance. *Id*. at 9. She displayed significant emotional liability and made statement that no one loved her, she did not fit in, and she wanted to die. *Id*.

According to Dr. Johnson, Davis' mood and affect vacillated between agitated and euthymic, however, as the evaluation progressed and following adjustment to her medication, she presented as less agitated and more subdued. Davis' thoughts were clear and logical, and Dr. Johnson observed no signs of a formal thought disorder or psychosis of Davis' thought form and content. Dr. Johnson noted there was no observable evidence of delusions, loose associations, confusion, or confabulations, and Davis did not appear to respond to internal stimuli. *Id*. at 10. Davis further denied any current suicidal ideation, intent, or plan, though she often made passive suicidal statements. *Id*.

Based on the available information, Dr. Johnson diagnosed Davis with Borderline Personality Disorder; Bipolar I Disorder, Current or Most Recent Episode Depressed, Severe with

psychotic features; post-traumatic stress disorder; Amphetamine-Type Use disorder, Severe, in a controlled environment; and Alcohol Use Disorder, Severe, in a controlled environment.

At the hearing, Dr. Johnson described each diagnosed condition and opined on Davis' prognosis for each condition. The prognosis for Davis' personality disorder is guarded because personality disorders are difficult to treat. The prognosis for her posttraumatic stress disorder is good. The prognosis for her bipolar I disorder, and substance use disorders is fair.

With respect to Davis' understanding of criminal charges, court proceedings, and ability to assist counsel, Dr. Johnson described and opined as follows:

> In general, Ms. Davis demonstrated an adequate understanding of the nature and consequences of the court proceedings against her, and an adequate ability to cooperate and assist counsel in her defense. On the RCAI, Ms. Davis exhibited an overall adequate understanding of the criminal charges and the related court proceedings. She stated that she was charged with "hate crime." She knew the charge was a felony, and she was able to define the charge. She thought she was facing an 18-year sentence, which she learned from her attorney.
> ….
>
> Ms. Davis was also familiar with other potential court motions, such as the plea bargain process and probation. She defined a plea bargain as, "Something they can offer me without going to court."
> ….
>
> Ms. Davis demonstrated an understanding of the courtroom participants and related procedures….
>
> Ms. Davis was able to articulate an adequate understanding of appropriate courtroom behavior and the challenging of prosecution witnesses.
> ….
>
> Ms. Davis stated that she was currently represented by counsel, Leslie Wine. She reported having confidence in her attorney, and she denied any concerns about her approach to her case thus far. She knew she could help her attorney by "complying with what she asks me to do and by giving her facts and information about my case and about myself." She demonstrated an understanding of the necessary steps she would need to take, should she desire to have a different attorney represent her. Ms. Davis understood the concept of confidentiality with legal counsel as, "Stuff that my attorney can't discuss with the prosecuting side or anybody actually."

> Ms. Davis was able to remain attentive and concentrate throughout the hours of evaluation. She recognized that similar behavior would be expected of her in a courtroom. She was also able to communicate in a clear, rational, and goal directed manner about her behavior and the instant offense. When conducting the legal interview, Ms. Davis was calm and did not evidence emotional lability.

*Id*. at 15-16.

Dr. Johnson's opinion on the issue of present competency to stand trial is as follows:

> Based on the information available, there is objective evidence to indicate that Ms. Davis suffers from borderline personality disorder, posttraumatic stress disorder, bipolar I disorder, and substance use disorders. These disorders do not currently impair her ability to understand the nature and consequences of the court proceedings against her. Further, they do not impair her current ability to properly assist counsel in her defense.
>
> Ms. Davis appears to have the necessary skills to appraise her behavior, and converse in a logical manner, both of which are necessary to properly assist counsel in a defense. She was able to attend and concentrate for long periods of time, and she demonstrated the capacity to logically and coherently converse about basic aspects of her case. During the competency portion of the evaluation, she provided appropriate responses to all of the questions posed to her and did not appear to experience any difficulties in communicating her thoughts.

*Id*. at 17.

## II.   CONCLUSIONS OF LAW

The standard for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1960). The relevant factors to be considered in assessing the issue of competency are a defendant's "irrational behavior, his demeanor at trial and any prior medical opinion on competence to stand trial. There must be some manifestation, some conduct, on the defendant's part to trigger a reasonable doubt of his competency." *Matheney v. Anderson,* 60 F. Supp. 2d 846 (N.D. Ind., 1999), aff'd and remanded, 253 F.3d 1025 (7th Cir. 2001). In addition, the fact that a person suffers from a mental illness does not mean that he's

incompetent to stand trial.  *Drope v. Missouri*, 420 U.S. 162, 171-72, (1975); *Price v. Thurmer*, 637 F.3d 831, 833-34 (7th Cir. 2011).  He need only be able to follow the proceedings and provide the information that his lawyer needs in order to conduct an adequate defense, and to participate in certain critical decisions, such as whether to appeal.  The testimony of defendant's counsel may be especially valuable in a competency determination because counsel is the *best witness* of a defendant's ability to consult with a reasonable degree of understanding.  *U.S. ex rel. Mireles v. Greer*, 736 F.2d 1160, 1165–66 (7th Cir. 1984).

### III.  DISCUSSION

On the issue of competency to stand trial, the Government's burden of proof is by a preponderance of the evidence.  Dr. Johnson opines that Davis does not presently suffer from a severe mental disease or defect which has had a significant impact on her competency-related capacities.  Dr. Johnson's opinion—to a reasonable degree of scientific certainty—is that Johnson understands the nature of the proceedings against her and can assist her attorney in her defense.  The Government and Davis counsel agree with Dr. Johnson's opinion and stipulate that their belief that "Ms. Davis is presently able to understand the nature and circumstances of the court proceedings against her and has the current ability to properly assist counsel in her defense." (Filing No. 42.)

At the hearing, Davis' counsel proffered that based upon interactions with her client, she believes that as medicated, Davis interacts appropriately and can assist in her defense.  The Court also observed Davis' behavior during the competency hearing.  Davis appeared cooperative, and capable of communicating appropriately with counsel.  During the proceeding, Davis would lean towards counsel and whisper when she wished to communicate with counsel and did not interrupt or speak out of turn.  At all times during the hearing Davis appeared rational and respectful.

Consistent with the opinion of Dr. Johnson and the stipulation and argument of both counsels, the Court determines that Davis sufficiently has *present* ability to consult with her counsel with a reasonable degree of rationale as well as functional understanding of these proceedings, despite her mental health conditions.

## IV. ORDER

Despite her mental health diagnosis, Davis has sufficient present ability to consult with her lawyer and has a rational, as well as factual, understanding of the proceedings against her. Based upon the foregoing evidence and testimony, in accordance with 18 U.S.C. § 4241(d), the Court determines by a preponderance of the evidence that Davis is not presently suffering from a mental disease or defect rendering her mentally incompetent to the extent that she is unable to understand the nature and consequences of the proceedings against her, or to assist properly in her defense. This case remains set for **final pretrial conference on June 5, 2024 at 9:00 a.m., and trial by jury on June 24, 2024, at 9:00 a.m.,** in Courtroom 344 of the Birch Bayh Federal Building and United States Courthouse, 46 East Ohio Street, Indianapolis, Indiana.

**SO ORDERED.**

Date: 2/2/2024

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Leslie D. Wine
INDIANA FEDERAL COMMUNITY DEFENDEERS
leslie_wine@fd.org

Anita T. Channapati
US DEPARTMENT OF JUSTICE, CIVIL RIGHTS DIVISION
anita.channapati@usdoj.gov

Peter A. Blackett
UNITED STATES ATTORNEY'S OFFICE
peter.blackett@usdoj.gov